IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA HAWKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-1713-X-BN |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| Defendant, | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr. *See* Dkt. No. 2.

Defendant PHH Mortgage Corporation has filed a motion for summary judgment. *See* Dkt. No. 10. Plaintiff Gloria Hawkins did not file a response, and the time to do so has passed.

For the following reasons, the Court should grant the motion.

**Background**

On November 7, 2006, Plaintiff purchased real property located at 2809 Kerrville in The Hills at Tealwood addition of Mesquite, Texas (the "Property"). She signed a promissory note to finance the purchase (the "Note") and secured the Note through a deed of trust, pledging her interest in the Property as security (the "Deed of Trust"). *See* Dkt. No. 12 at 5-18. The Deed of Trust was filed and recorded in the

official public records of Dallas County, Texas on November 9, 2006. *See id.* at 17. Option One Mortgage Corporation originally held the Note and Deed of Trust.

The Hills at Tealwood Homeowners' Association ("HOA") Deed Restrictions give the HOA "a continuing lien against each Lot to secure payment of delinquent assessments." Dkt. No. 12 at 43 (§ 4.13.a). The HOA posted notice in the public record that Plaintiff was in default of her obligation to pay HOA assessments and filed and recorded its Notice of Lien in the official public records of Dallas County, Texas on July 10, 2012. *See id.* at 33.

The HOA Deed Restrictions also allow the HOA to enforce its lien by judicial or non-judicial foreclosure. *See id.* 43 (§ 4.13.b). On March 3, 2015, the HOA sold the Property by public auction to Kerrville Drive 2809 Land Trust (the "Trust"). On March 6, 2015, the HOA executed an Assessment Lien Deed conveying title to the Property to the Trust. *See id.* at 24-26. The Trust continues to hold title to the Property. *See id.* at 75, 78.

On July 28, 2016, Option One Mortgage Corporation assigned the Deed of Trust to Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2007-1, Asset-Backed Certificate, Series 2007-1 ("Wells Fargo"). *See id.* at 20-22. The Corporate Assignment of Deed of Trust was filed and recorded in the official public records of Dallas County, Texas. *See id.* at 22. Defendant PHH Mortgage Corporation is the current mortgage servicer. *See* Dkt. No. 1-4 at 4.

Because of Plaintiff's default on the mortgage, Defendant (through its prior

loan servicer) posted the Property for foreclosure sale scheduled for December 4, 2018. *See Menno Marion Back Razor, Inc. v. Ocwen Loan Servicing LLC,* No. 3:18-cv-3270 (N.D. Tex. 2018), Dkt. No. 25 at 91-93. The Trust (through its Trustee) filed suit in state court, *see id.* Dkt. No. 1-5, and obtained a temporary restraining order precluding foreclosure, *see id.* at 1-7.

After removing the case to this court, Defendant filed a motion for summary judgment. Defendant submitted summary judgment evidence to support its arguments that it could enforce the Deed of Trust and its lien was superior to that of the Trust. *See id.* Dkt. No. 24 at 8-9.

The HOA Deed Restrictions state, in part, that the lien securing payment of HOA assessments "is subordinate to the lien of any Recorded first mortgage or first deed of trust against a Lot." *See* Dkt. No. 12 at 43 (§ 4.13.c). The first mortgage lien reflected in the Deed of Trust was recorded on November 9, 2006, *see id.* at 17, and the HOA's assessment lien was recorded on July 10, 2012, *see id.* at 34. After receiving the summary judgment evidence, the Trust acknowledged that Defendant held the Deed of Trust and the superiority of Defendant's lien. *See* Dkt. No. 28. The parties filed a joint dismissal, and the case was dismissed with prejudice. *See* Dkt. Nos. 31, 32.

Defendant scheduled another foreclosure sale, this time for June 2, 2020. *See* Dkt. No. 1-4 at 4. Plaintiff filed this suit in state court, *see* Dkt. No. 1-4, and obtained a temporary restraining order precluding foreclosure, *see* Dkt. No. at 1-11.

In her petition, Plaintiff alleges that Defendant or its predecessor sent her a

notice of acceleration in 2018 but did not send a notice of default before sending the notice of acceleration. She also alleges that Defendant "just rescinded the acceleration by sending her a statement stating it would accept less than the full amount due on the mortgage note." And she alleges the notice of foreclosure for the June 2, 2020 sale fails to comply with the Texas Property Code because it does not provide a street address in Texas for the trustee. *See* Dkt. No. 1-4.

Plaintiff asserts only claims for declaratory judgment and injunctive relief. She seeks a declaratory judgment stating that Defendant may not enforce the terms of the Deed of Trust and a temporary injunction prohibiting Defendant from foreclosing on the property during the pendency of this case. *See id.*

After removing the case to this court, Defendant filed a motion for summary judgment. *See* Dkt. No. 10. Plaintiff did not file a response.

Defendant contends that it is entitled to summary judgment because Plaintiff fails to state any claims for which relief can be granted, Plaintiff does not assert any underlying substantive claims, Defendant has the ability to enforce the Deed of Trust, and the lawsuit is moot.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks*

*Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied,

regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma*

*Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the

movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof … that the nonmoving party could or would prove the necessary facts" and will grant summary judgment

"in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

I.  Defendant is entitled to summary judgment on Plaintiff's claims for <u>declaratory judgment and injunctive relief.</u>

Defendant argues that it is entitled to summary judgment because Plaintiff fails to state any claims. In an argument conflating motions brought under Federal Rules of Civil Procedure 12(b)(6) and 56, Defendant argues that Plaintiff's allegations cannot be construed to state any claim because they are too vague and conclusory to survive a motion to dismiss for failure to state a claim for which relief can be granted. Defendant also argues that Plaintiff's vague and conclusory allegations are not entitled to the presumption of truth. The undersigned will not attempt to unwind that argument or delve into a Rule 12(b)(6) analysis of the sufficiency of Plaintiff's pleadings.

Instead, assuming without deciding that Plaintiff's allegations are sufficient, the undersigned concludes Defendant is entitled to summary judgment because Plaintiff has not asserted any underlying substantive claims.

"The [federal Declaratory Judgment Act] is a procedural device that creates no substantive rights.... [A] request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action." *Payne v. Wells Fargo Bank, N.A.*, No. 3:12-cv-5219-M-BF, 2015 WL 1402321, at *6 (N.D. Tex. Mar. 26, 2015) (internal quotations and citation omitted) (granting Wells Fargo's motion for summary judgment as to the plaintiff's request for declaratory relief where the Court had determined that summary judgment should be granted with respect to the plaintiff's underlying, substantive claims), *aff'd sub nom. Payne v. Wells Fargo Bank*

*Nat. Ass'n*, 637 F. App'x 833 (5th Cir. 2016); *accord Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990) ("[I]t is the underlying cause of action…that is actually litigated in a declaratory judgment action.").

Similarly, "[u]nder Texas law, a request for injunctive relief 'is not in and of itself a cause of action, but instead necessarily depends on an underlying cause of action.'" *Grace v. Everhome Mortg. Co.*, No. 3:13-cv-4563-B, 2015 WL 5146678, at *6 (N.D. Tex. Sept. 2, 2015) (citing *Wildy v. Wells Fargo Bank, NA*, No. 3:12-cv-1831-BF, 2013 WL 246860, at *6 (N.D. Tex. Jan. 21, 2013); *Cooks v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010)); *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

II. Plaintiff fails to controvert Defendant's summary judgment evidence concerning its ability to enforce the Deed of Trust.

Plaintiff seeks a declaratory judgment stating that Defendant may not enforce the Deed of Trust. Defendant submitted as summary judgment evidence the Deed of Trust and the assignment of the deed of trust from the original holder to Wells Fargo. Plaintiff has not come forward with any summary judgment evidence challenging the assignment nor would she have standing to challenge the assignment because she was not a party to it. *See Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013). And Plaintiff expressly acknowledges

Defendant as the loan servicer for Wells Fargo. *See* Dkt. No. 1-4 at 4. Likewise, Plaintiff has not come forward with any summary judgment evidence to support her allegations of rescission, procedural irregularities in the foreclosure process, or to otherwise challenge Defendant's ability to enforce the deed of trust. Defendant is therefore entitled to summary judgment insofar as Plaintiff seeks a declaratory judgment stating that Defendant may not enforce the terms of the Deed of Trust.

III.   This lawsuit is not moot.

Defendant also argues that it is entitled to summary judgment because this lawsuit is moot. Defendant asserts that the lawsuit was filed solely to stop the foreclosure sale scheduled for June 2, 2020. Because the foreclosure sale did not occur, the Trust retains title to the property, and Plaintiff remains in possession of the property, Defendant contends the lawsuit is moot. Although Plaintiff did seek injunctive relief to stop the foreclosure sale, her request for declaratory relief is not so narrow. She also sought a declaratory judgment that Defendant could not enforce the deed of trust.

**Recommendation**

Defendant's Motion for Summary Judgment [Dkt. No. 10] should be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 15, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE