IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA HAWKINS, | § | |
| Plaintiff, | § § § | |
| V. | § § | No. 3:20-cv-1713-X-BN |
| PHH MORTGAGE CORPORATION, | § § § | |
| Defendant, | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr. *See* Dkt. No. 2.

Defendant PHH Mortgage Corporation has filed a motion to alter or amend the judgment. *See* Dkt. No. 22. Plaintiff Gloria Hawkins has not filed a response and the time to do so has passed.

**Background**

Plaintiff filed this lawsuit to stop a scheduled foreclosure sale. In her petition, she asserts claims only for declaratory judgment and injunctive relief.

Defendant filed a motion for summary judgment, arguing that it was entitled to relief because Plaintiff failed to state any claims for which relief can be granted, Plaintiff did not assert any underlying substantive claims, Defendant is authorized to enforce the Deed of Trust, and the lawsuit is moot. *See* Dkt. No. 10.

The undersigned entered Findings, Conclusions and Recommendation ("FCR") finding that Plaintiff failed to state any claims for which relief can be granted, Plaintiff did not assert any underlying substantive claims, and Defendant was authorized to enforce the Deed of Trust and recommending that the motion for summary judgment be granted without prejudice.

The Court accepted the FCR and granted the motion for summary judgment. The Court then entered judgment and dismissed Plaintiff's claims without prejudice.

Defendant has filed a motion to alter or amend the judgment, arguing that Plaintiff's claims should be dismissed with prejudice. The undersigned agrees.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 59(e) allows a court "to rectify its own mistakes in the period immediately following entry of judgment." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450 (1982). It allows reconsideration of a final judgment where a party shows a need to: (1) correct a clear error of law or prevent manifest injustice; (2) present newly discovered evidence; or (3) reflect an intervening change in controlling law. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." To be correctable under Rule 60(a), the mistake must not be one of

judgment or even of misidentification, but merely of recitation. See *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011). "Clerical mistakes, inaccuracies of transcription, inadvertent omissions, and errors in mathematical calculation are within Rule 60(a)'s scope; missteps involving substantive legal reasoning are not." *Id.*

A district court's authority under Rule 60(a) is also limited to making corrections that are consistent with the court's intent at the time it entered the judgment. *See id.* at 195. Rule 60(a) does not provide for the correction of the deliberate choice of the district judge, even where that deliberate choice is based on a mistake of law. Rather, Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another. *See id.* at 194-95 (quotations and citations omitted).

Here, the requested change targets a clerical mistake. "Inadvertently designating a dismissal as being 'without prejudice' instead of 'with prejudice' is the type of rote, typographical error of transcription that could be committed by a law clerk or a judicial assistant. It is not an error of judgment or legal reasoning, as no chain of legal reasoning could possibly lead a court to conclude that summary judgment should be granted without prejudice." *Id..* at 194. "Indeed, the very concept of granting summary judgment without prejudice is internally incoherent":

> "Without prejudice" indicates that the suit is dismissed without a decision on the merits and is not conclusive of the rights of the parties. Summary judgment, on the other hand, is the procedural equivalent of a trial and is an adjudication of the claim on the merits. Thus, to grant summary judgment without prejudice is to say that although there has been an adjudication on the merits, it is not conclusive as to the rights of

the parties.... [This] is logically inconsistent.

*Id.* (quoting *Poulos v. Reda*, 520 N.E.2d 816, 823 (1987)). Rule 60(a) authorizes a district court to modify a judgment so that the judgment reflects the necessary implications of the court's decision, and a motion for summary judgment "is necessarily granted with prejudice." *Id.* at 194-95.

Amending the judgment to reflect that Plaintiff's claims are dismissed with prejudice instead of without prejudice comports with the intent conveyed by the substance of the Court's determination that Defendant was entitled to summary judgment as a matter of law since Plaintiff failed to state a claim on which relief could be granted and failed to allege any underlying claims. *See id.* at 199. Because those issues were actually litigated and decided but incorrectly recorded in the judgment, the undersigned recommends that the Court grant the motion to alter or amend the judgment and dismiss Plaintiff's claims without prejudice.

## Recommendation

Defendant's Motion to Alter or Amend Judgment [Dkt. No. 22] should be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 16, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE